1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7    SERGIO MORALES,                                )
                                                    )          2:10-cv-02171-JCM -VCF
8                          Plaintiff,               )
                                                    )          **O R D E R**
9    vs.                                            )
                                                    )
10   CITY OF NORTH LAS VEGAS, *et al.*,             )          (Stipulation and Protective Order #47)
                                                    )
11                         Defendant.               )
     _____        )

12

13          Before the court is the parties' Stipulation and Protective Order (#47) which the court approves,

14   with the exception of Paragraph 12.  This order also reminds counsel that there is a presumption of public

15   access to judicial files and records.  Paragraph 12 of the parties' proposed stipulation was not approved and

16   was deleted by the court.  Paragraph 12 stated that "[i]f any party wishes to submit into the written record

     of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or

17   excerpts from any such document, that party shall seek to submit the document under seal." (#47).  While

18   the deleted language is not inconsistent with the Ninth Circuit's directives in *Kamakana v. City and County*

19   *of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) or this court's Local Rules regarding filing confidential

20   documents or utilizing confidential documents at trial, the court issues this order to clarify that the parties

21   must adhere to those directives as set forth below.

22          Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on

23   or after November 7, 2005, in electronic form.  The electronic record constitutes the official record of the

24   court.  Attorneys must file documents under seal using the court's electronic filing procedures.  *See* LR 10-

25   5(b).  That rule provides:

26
                     Unless otherwise permitted by statute, rule or prior Court order, papers filed
27                   with the Court under seal shall be accompanied by a motion for leave to file
                     those documents under seal, and shall be filed in accordance with the
28                   Court's electronic filing procedures.  If papers are filed under seal pursuant
                     to prior Court order, the papers shall bear the following notation on the first
                     page, directly under the case number: "FILED UNDER SEAL PURSUANT

TO COURT ORDER DATED _____."  All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

*Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required.  *Id.* at 1180.  To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that *compelling reasons* support secrecy.  *Id.*  "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."  *Id.*  When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default."  *Id.*

Accordingly, and for good cause shown,

**IT IS ORDERED** that:

1.    Deleted Paragraph 12 of the parties' Proposed Stipulation and Protective Order (#47) is **NOT APPROVED**.

2.    The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3.    The parties' Stipulation and Protective Order (#47), as modified and signed by the court, is **APPROVED.**

Dated this 3rd day of October, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3