Robert W. Freeman, Jr., Esq.
Nevada Bar No. 003062
FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
(702) 309-3333
Attorneys for Defendants
    City of North Las Vegas, Chief Forti,
    Capt. Noahr, Chief/Assistant Chief Chronister,
    Sgt. J. Campbell, Classification Counselor McCafferty
    Lt. Dave Powell, Classification Technician Priscilla Tenuta
    Sgt. Giarmo, Lt. Woolman, Correctional Officer Mote

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

* * * * *

| | |
|---|---|
| SERGIO MORALES, as Special Administrator and as the father and Heir of the Estate of SERGIO HUGO MORALES-PAREDES, deceased,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF NORTH LAS VEGAS; CHIEF FORTI; CAPT. NOAHR; CHIEF/ASSISTANT CHIEF JOSEPH CHRONISTER; LT. POWELL; SGT. ROGERS; SGT. J. CAMPBELL; CLASSIFICATION COUNSELOR McCAFFERTY; PRESCILLA TENUTA P1376, CLASSIFICATION TECHNICIAN; SGT. GIARMO; LT. WOOLMAN; CORRECTIONAL OFFICER MOTE; DOES V-X inclusive; and ROES I-X, inclusive,<br><br>    Defendants. | Case No.: 2:10-cv-2171-JCM-VCF<br><br>**STIPULATION AND PROTECTIVE ORDER** |

    Plaintiff Sergio Morales, as Special Administrator and as the father and Heir of the Estate of Sergio Hugo Morales-Paredes, by and through his counsel of record, Cal J. Potter, III, Esq. and Defendants City of North Las Vegas, Former Chief of Police Joseph Forti, Chief of Police Joseph Chronister, Captain Dave Noahr, Former Lt. Dave Powell, Sgt. J. Campbell, Classification Counselor McCafferty, Prescilla Tenuta, Sgt. Giarmo, Lt. Wooman, and Correctional Officer Mote, by and through their attorney, Robert W. Freeman, Esq., agree and stipulate as follows:

1. The parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of documents produced by the parties in response to discovery requests from the parties.

2. Any party may designate and mark certain documents produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party designating such documents shall be referred to as the Designating Party and any party in receipt of such documents shall be referred to as the Receiving Party. Documents so marked may be used only for purposes of this litigation.

3. Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked may be disclosed only to employees or agents of the City of North Las Vegas or the City of North Las Vegas Police Department, and the following persons:

   (a) counsel of record for Plaintiff;

   (b) counsel of record for Defendants;

   (c) the non-technical and clerical staff employed by counsel of record;

   (d) interpreters and copying services employed by counsel of record's employer to the extent reasonably necessary to render professional services in this case;

   (e) any private court reporter retained by counsel for depositions in this case;

   (f) subject to the terms of paragraph 5, persons retained by counsel to serve as expert witnesses or consultants in this case; and

   (g) personnel of the Court, including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge, to the extent deemed necessary by the Court.

4. If counsel for a Receiving Party determines that it is necessary to disclose

any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any persons other than the individuals included in paragraph 3, that counsel shall set forth the grounds for the disclosure and seek the written consent of counsel for the Designating Party. The Designating Party shall respond to the Receiving Party's request within seven calendar days unless the Receiving Party agrees to a longer period. If counsel for the Designating Party does not consent, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically regarding the issue, during which meeting and conference counsel for the Receiving Party shall specify the reasons why disclosure is necessary. If any agreement is not reached, the Designating Party shall move the Court within the ten calendar days of the meeting and conference for a protective order preventing disclosure. The Receiving Party shall not disclose the document unless the Designating Party has failed to file a motion within the time allowed or the Court has denied the motion.

     5.    If counsel for the Receiving Party determines that it is necessary to disclose any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to an expert or consultants retained to render professional services in this case, that counsel shall notify counsel for the Designating Party in writing at least seven days before the proposed disclosure with the name of the expert or consultant. The Designating Party shall respond to the Receiving Party's notification within seven calendar days unless the Receiving Party agrees to a longer period. If counsel for the Designating Party objects, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically regarding the issue. If an agreement is not reached, the Designating Party shall move the court within ten calendar days of the meeting and conference for a protective order preventing disclosure. The Receiving Party shall not disclose the document unless the Designating Party has failed to file a motion within the time allowed or the Court denies the motion.

6. Any party may object to the propriety of the designation of documents as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by objecting and setting forth in writing the grounds for the objection. The Designating Party shall respond to the Receiving Party's objection within seven calendar days unless the Receiving Party agrees to a longer period. If an agreement is not reached, counsel for the Receiving Party and counsel for the Designating Party shall within five court days of the Designating Party's response meet and confer in person or telephonically, during which meeting and conference counsel for the Receiving Party shall specify the grounds for objection with respect to each document at issue. If the parties cannot agree, then the Designating Party will then have ten calendar days after the conference of counsel to file a motion to preserve the confidentiality designation. The burden of proof to demonstrate confidential treatment of any information at all times remain with the Designating Party. The parties shall treat the documents as the subject to this Stipulation and Order unless the Designating Party has failed to file a motion within the time allowed or the Court has denied the motion.

7. Before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any person identified in subparagraph (c) of paragraph 3, counsel of record for the Receiving Party shall advise that person of the terms of this Stipulation and Protective Order and that he or she is bound by those terms. In addition, before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any person identified in subparagraphs (d), (e), or (f) of paragraph 3, counsel for the Receiving Party shall ensure that the person (1) has read and agrees to the terms of this Protective Order and (2) has acknowledged his or her agreement by signing a copy of the attached Acknowledgment before any such document is disclosed to him or her:

ACKNOWLEDGMENT

I have read the Stipulation and Protective Order Governing Documents Produced by the Parties in this case. I understand its terms and agree to be bound by the terms of the Protective

Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

8. Counsel for each party shall retain copies of the Acknowledgment forms executed by persons authorized for access on behalf of that party until this litigation, including all appeals, concludes. Nothing in this Protective Order restricts the Designation Party's own disclosure of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

9. Any person receiving access to a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall maintain the document, any copies of the document, and any information derived from the document in a confidential manner and shall take steps to avoid disclosure to persons not authorized under this Order to have access to the documents or information.

10. Within thirty days of the conclusion of this litigation, including all appeals, counsel for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each document filed with the Court that contains or refers to any of the designated documents. Furthermore, nothing in this paragraph shall be construed to require the parties' attorneys to disclose any attorney work-product to opposing counsel.

11. In connection with a deposition in this case, a witness or any counsel may indicate that a question or answer refers to the content of a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the deposition, all persons not authorized to review such documents shall

1  leave the deposition room until completion of the answers referring to the document and
2  the reporter shall mark the transcript of the designated testimony "CONFIDENTIAL" or
3  "SUBJECT TO PROTECTIVE ORDER."
4  ~~12.   If any party wishes to submit into the written record of this case any~~
5  ~~document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from~~
6  ~~any such document, that party shall seek to submit the document under seal.~~
7       13.   Nothing in this Stipulation and Protective Order prevents any party from
8  challenging any assertion of privilege by any party, and nothing in this Stipulation and
9  Protective Order constitutes a waiver of any assertion of privilege by any party or
10 precludes any party from moving for consideration of information *ex parte* and *in camera*.
11      14.   Anyone found to be in violation of this Order may have sanctions imposed
12 against him or her as the Court may determine and allowable under law and may also be
13 subject to contempt of court proceedings.

DATED this 2 day of October, 2012.          DATED this 1 day of Oct., 2012.

FREEMAN & ASSOCIATES                         POTTER LAW OFFICES

_____                    _____
Robert W. Freeman, Jr., Esq.                 Cal J. Potter, Esq.
Nevada Bar No. 3062                          Nevada Bar No. 1988
1060 Wigwam Parkway                          1125 Shadow Lane
Henderson, Nevada 89074                      Las Vegas, Nevada 89102
Attorney for Defendants                      Attorney for Plaintiff
City of North Las Vegas, Chief Forti,        Sergio Morales
Capt. Noahr, Chief/Assistant Chief
Chronister, Sgt. J. Campbell, and
Classification Counselor McCafferty

### ORDER

IT IS SO ORDERED.

Dated this 4th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 309-3333

# ACKNOWLEDGMENT

I, _____, have read the foregoing **STIPULATION AND PROTECTIVE ORDER** and state as follows:

1. I am a qualified person pursuant to Paragraph 3;
2. I agree to the receipt of confidential information; and
3. I agree to follow the terms and conditions of said Stipulation and Order for Protective Order as to the confidentiality of any and all documents so marked.

Dated this _____ day of _____, 20___.

Sign Name: _____

Print Name: _____

SUBSCRIBED and SWORN to before me this _____ day of _____, 2012.

_____
NOTARY PUBLIC

FREEMAN & ASSOCIATES
1060 Wigwam Parkway
Henderson, Nevada 89074
Telephone (702) 309-3333